**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Greer, | No. CV-23-00528-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Attorney's Office, | |
| Defendant. | |

On November 20, 2023, Plaintiff Eric Green, proceeding pro se, initiated this action by filing a Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis (Doc. 2).

**I.      Application for Leave to Proceed in Forma Pauperis**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application indicates he is unemployed, receives public assistance, has $260.00 in bank accounts, and has no other assets. The Court will grant Plaintiff leave to proceed in forma pauperis.

**II.     Statutory Screening**

The Prison Litigation Reform Act states that a district court "shall dismiss" an in

forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d at 268. If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### III.   Plaintiff's Complaint

Plaintiff sues the Pima County Attorney's Office under 42 U.S.C. § 1983, alleging the following violations: "ex post facto, double jeopardy, procedural due process." (Doc. 1 at 1-4.) Plaintiff seeks $250 million "in damages for rendering [him] jobless and a life

of isolation." (*Id.* at 4.)  Plaintiff attaches to his Complaint documents that appear to be criminal records from Pennsylvania.  (Doc. 1-1.)

### IV.     Failure to State a Claim

To state a valid claim under § 1983, a plaintiffs must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not alleged that he was injured as a result of conduct of Defendant Pima County Attorney's Office, nor has Plaintiff alleged any specific conduct by the Pima County Attorney's Office.  Furthermore, the Pima County Attorney's Office is a non-jural entity that lacks the capacity to be sued.  *See Kelly v. Pima Cnty. Justice Court*, Nos. CV 09-308-TUC-DCB (BPV) & 09-545-TUC-DCB (BPV), 2010 WL 2605804, at *2 (D. Ariz. Apr. 23, 2010); *Dains v. Maricopa Cnty.*, No. 2:07-cv-2606-HRH, 2008 WL 11338893, at *5 (D. Ariz. June 12, 2008).

Because Plaintiff has failed to state a claim on which relief can be granted, the Court will dismiss the Complaint with leave to amend.  Within thirty days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name

of the defendant who violated the right; (3) exactly what that that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377. Plaintiff must repeat this process for each named defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegations against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants has violated a constitutional right are not acceptable and will be dismissed.

## V. Warnings

### A. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely file an amended complaint in compliance with this Order, this action will be dismissed with prejudice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Doc. 2) is **granted**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice for failure to state a claim**. Within **thirty (30) days**, Plaintiff may file a first amended complaint that cures the deficiencies addressed in this Order. If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

Dated this 5th day of March, 2024.

Honorable Rosemary Márquez
United States District Judge