**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Greer, | No. CV-23-00528-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Attorney's Office, et al., | |
| Defendants. | |

Plaintiff Eric Greer initiated this action on November 20, 2023, by filing a Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). The Court granted Plaintiff's Application for Leave to Proceed in Forma Pauperis and dismissed the Complaint with leave to amend for failure to state a claim. (Doc. 5.) On April 4, 2024, Plaintiff filed a First Amended Complaint. (Doc. 6.)

## I.    Statutory Screening

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8

1    does not demand detailed factual allegations, "it demands more than an unadorned, the-

2    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3    (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere

4    conclusory statements, do not suffice." *Id.*

5        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

6    claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell*

7    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the

8    plaintiff pleads factual content that allows the court to draw the reasonable inference that

9    the defendant is liable for the misconduct alleged." *Id.*

10       Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,

11   520-21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey*

12   *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).   Further, a liberal interpretation of a

13   civil rights complaint may not supply essential elements of the claim that were not

14   initially pled.   *Ivey*, 673 F.2d at 268.   If the Court determines that a pleading could be

15   cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to

16   amend a complaint before dismissal of the action.   *See Lopez v. Smith*, 203 F.3d 1122,

17   1127-29 (9th Cir. 2000) (en banc).

18   **II.    First Amended Complaint**

19       In his First Amended Complaint, Plaintiff sues the State of Arizona.   (Doc. 6.)

20   Plaintiff does not specify which statutory or common law claims he is bringing, nor does

21   he specify the relief requested.   (*See id.*)   Plaintiff appears to allege that he was twice

22   convicted of failing to register as a sex offender even though he was unaware of any

23   requirement that he register in connection with a prior criminal case from Philadelphia.

24   (Doc. 6-1 at 1.)   Plaintiff also alleges that in August 2022, his probation officer filed for

25   revocation of probation, but the revocation was dismissed.   (*Id.* at 1-2.)

26   **III.   Failure to State a Claim**

27       Because Plaintiff has not specified any alleged constitutional, statutory, or

28   common law violation, he has failed to state a claim.   Furthermore, the Eleventh

Amendment bars Plaintiff from seeking damages or injunctive relief against the State of Arizona.  *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) ("[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state").  In addition, to the extent Plaintiff is attempting to state a claim under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights, a § 1983 plaintiff cannot "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  It appears that the failure-to-register convictions referenced in Plaintiff's First Amended Complaint are outstanding convictions and, therefore, that an action seeking damages arising from those convictions is barred by *Heck*.

The Court will accordingly dismiss Plaintiff's First Amended Complaint for failure to state a claim on which relief can be granted.  Within thirty days, Plaintiff may file a second amended complaint to cure the deficiencies outlined above.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or First Amended Complaint by reference.

A second amended complaint will supersede the First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en

banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the defendant who violated the right; (3) exactly what that that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff must repeat this process for each named defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegations against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants has violated a statutory or constitutional right are not acceptable and will be dismissed.

## IV.    Warnings

### A. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.  Possible Dismissal

If Plaintiff fails to timely file an amended complaint in compliance with this Order, this action will be dismissed with prejudice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 6) is **dismissed without prejudice for failure to state a claim**.  Within **thirty (30) days** of the date this Order is filed, Plaintiff may file a second amended complaint that cures the deficiencies addressed in this Order.  If Plaintiff fails to file a second amended complaint within thirty days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

Dated this 24th day of April, 2024.

Honorable Rosemary Márquez
United States District Judge