**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Greer,<br><br>                    Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>                    Defendant. | No. CV-23-00528-TUC-RM<br><br>**ORDER** |

Plaintiff Eric Greer initiated this action on November 20, 2023, by filing a Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). The Court granted Plaintiff's Application for Leave to Proceed in Forma Pauperis and, on screening under 28 U.S.C. § 1915(e)(2), dismissed the Complaint with leave to amend for failure to state a claim. (Doc. 5.) On April 4, 2024, Plaintiff filed a First Amended Complaint. (Doc. 6.) The Court dismissed the First Amended Complaint with leave to amend for failure to state a claim. (Doc. 7.) On May 13, 2024, Plaintiff filed a Second Amended Complaint. (Doc. 8.)

**I.     Statutory Screening**

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc);

*see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Ivey*, 673 F.2d at 268. If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## II. Second Amended Complaint

In his Second Amended Complaint, Plaintiff sues the State of Arizona. (Doc. 8.) Plaintiff does not specify the factual basis of his claim or the relief requested, but it appears he challenges an Arizona law that requires him to register as a sex offender due to a Pennsylvania conviction. (*See id.* at 3, 5-6.)

## III. Failure to State a Claim

Because Plaintiff has not identified the factual basis of his claim, he has failed to state a claim. Furthermore, as previously explained (*see* Doc. 7), the Eleventh

Amendment bars Plaintiff from seeking damages or injunctive relief against the State of Arizona. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) ("[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state"). In addition, to the extent Plaintiff is attempting to state a claim under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights arising from his Pennsylvania conviction or any Arizona convictions for failure to register as a sex offender, a § 1983 plaintiff cannot "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For the above reasons, the Court will dismiss the Second Amended Complaint for failure to state a claim. Plaintiff has made three attempts at crafting a viable complaint and has been unable to do so. Accordingly, the Court declines to grant further opportunities to amend and will dismiss this case with prejudice.

**IT IS ORDERED** that the Second Amended Complaint (Doc. 8) and this action are **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 4th day of June, 2024.

Honorable Rosemary Márquez
United States District Judge