**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Greer,<br><br>               Plaintiff,<br><br>v.<br><br>Pima County Attorney's Office, et al.,<br><br>               Defendants. | No. CV-23-00528-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff Eric Greer's Motion for Reconsideration of Judgment. (Doc. 11.) For the following reasons, the Motion will be denied.

**I.     Background**

Plaintiff initiated this action on November 20, 2023. (Doc. 1.) Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's Complaint with leave to amend for failure to state a claim on which relief could be granted. (Doc. 5.) Plaintiff filed a First Amended Complaint (Doc. 6), which the Court again dismissed with leave to amend for failure to state a claim (Doc. 7). Plaintiff then filed a Second Amended Complaint, asserting an unspecified claim against the State of Arizona and appearing to challenge an Arizona law requiring him to register as a sex offender due to a Pennsylvania conviction. (Doc. 8.)

On June 4, 2024, the Court dismissed Plaintiff's Second Amended Complaint and this action with prejudice, noting that Plaintiff had failed to identify the factual basis of his claim, that the claim appeared to be barred by the Eleventh Amendment and *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), and that Plaintiff had been unable to craft a viable complaint despite three attempts at doing so. (Doc. 9.) The Clerk of Court entered a final judgment on the same date. (Doc. 10.)

Plaintiff filed the pending Motion for Reconsideration of Judgment on March 21, 2025. (Doc. 11.) In the Motion, Plaintiff states that "Laura Conover" is the name the Court asked of him, that Arizona was without a sex offender statute between 1978 and 1983 and yet "it's in [his file]," and that "probation is out of control" and has forbidden him from being downtown. (*Id.*)

## II.     Discussion

Under Local Rule of Civil Procedure ("LRCiv") 7.2(g)(1), "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." Furthermore, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). In the pending Motion, Plaintiff has not identified any manifest error, new facts, or new legal authority, and he has not shown good cause for his failure to file the Motion within fourteen days of this Court's Order dismissing his Second Amended Complaint. The Court finds no grounds for reconsidering its June 4, 2024 Order.

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Plaintiff did not file the pending Motion within 28 days after the entry of the final judgment in this action. Plaintiff is not entitled to relief under Rule 59.

Under Federal Rule of Civil Procedure 60, the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment[.]"  Plaintiff has not identified any grounds for relief from the final judgment in this action under Rule 60(b), nor did he file the pending Motion within a reasonable time after the entry of judgment.  Accordingly, Plaintiff is not entitled to relief under Rule 60.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of Judgment (Doc. 11) is **denied**.  This action is to remain closed.

Dated this 26th day of March, 2025.

_____
Honorable Rosemary Márquez
United States District Judge

- 3 -